**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **GENERAL ELECTRIC MEDICAL SYSTEMS EUROPE,** | : | **Case No. 1:02-CV-01844** |
| **Plaintiff,** | : | |
| | : | **JUDGE KATHLEEN O'MALLEY** |
| **v.** | : | |
| **PROMETHEUS HEATH IMAGING, INC., et al.,** | : | <u>**MEMORANDUM & ORDER**</u> |
| **Defendants.** | : | |

Before the Court is Plaintiff General Electric Medical Systems Europe's ("GEMS") Motion for Summary Judgment against Defendant Prometheus Health Imaging, Inc. ("Prometheus"). (Doc. 104.)  For the following reasons, GEMS' Motion is **<u>GRANTED</u>**.

**<u>BACKGROUND</u>**

The Court previously summarized the factual background underlying this case in its sanctions order (*see* Doc. 84).  In so far as a summary of the facts is not crucial to the Court's analysis of the present motion, the Court simply incorporates by reference its prior summary.  For present purposes, it is only important to understand this action's procedural history, which began on September 19, 2002, when GEMS filed this action for breach of contract, conversion and fraud against defendant Prometheus and its principal and alter ego, Dr. Munir Uwaydah.[1]

Shortly after the filing of this suit, on January 14, 2003, Dr. Uwaydah filed a voluntary petition under Chapter 7 of the U.S. Bankruptcy Code in Los Angeles.  That action necessarily

---

[1] Additionally, a lawsuit filed by Prometheus, arising from the same nucleus of facts as the instant case, is currently pending in the Commercial Court of Paris.

required a stay of this action. GEMS filed an adversary proceeding in the bankruptcy, alleging the same counts as in this Court and asserting that GEMS' claims were not dischargeable pursuant to Section 523(a) of the Bankruptcy Code.

On July 17, 2003, Dr. Uwaydah's bankruptcy counsel and GEMS filed a Stipulation to lift the automatic stay and thus allow proceedings to continue against Dr. Uwaydah in this Court. The Stipulation also provided that GEMS could bring any judgment from this Court back to the Bankruptcy Court for a determination on the issue of discharge.

On or about July 11, 2003, Prometheus filed a counterclaim in this Court against GEMS, alleging that GEMS, not Prometheus, had breached the parties' contract.

On November 4, 2004, Prometheus filed a bankruptcy petition under Chapter 7 of the Bankruptcy Code, again resulting in a stay of this litigation, but this time, only as to Prometheus. On June 6, 2005, the Bankruptcy Trustee filed a final report stating that Prometheus had no assets. Because there were no assets and no creditor claims, on March 30, 2007, the Bankruptcy Court closed the case without discharge, and the stay as to Prometheus was lifted.

On November 22, 2004, GEMS filed a Motion for Summary Judgment and a Renewed Motion for Sanctions against Dr. Uwaydah in this Court.[2] On December 1, 2004, Dr. Uwaydah filed an Opposition to the Motion for Sanctions. On January 28, 2005, Dr. Uwaydah filed his Opposition to the Motion for Summary Judgment.

On May 2, 2005, the Court granted GEMS' Motion for Sanctions.

On August 5, 2005, the Court granted GEMS' Motion for Summary Judgment against Dr.

---

[2] GEMS first sought sanctions premised on a refusal to provide discovery despite proper requests on June 23, 2003. (Doc. 42.) GEMS later filed its *Motion for Contempt and Renewed Motion for Sanctions* on November 11, 2003. (Doc. 53.) These initial requests were denied.

Uwaydah, including GEMS' claim for fraud, and made a finding of no just cause for delay under Rule 54(b).  On November 22, 2006, the Sixth Circuit affirmed the August 5, 2005 Judgment in GEMS' favor.  Dr. Uwaydah then filed a Motion for Reconsideration, which was denied by the Sixth Circuit without opinion in February 2007. He also filed a Petition for Certiorari with the U.S. Supreme Court, which was denied on June 11, 2007.

The parties then filed Cross-Motions for Summary Judgment in Dr. Uwaydah's Bankruptcy Proceedings on the issue of discharge.  On or about February 14, 2008, the Bankruptcy Court granted GEMS' Motion for Summary Judgment on the issue of discharge.

GEMS now seeks Summary Judgment against Prometheus.

## LEGAL STANDARD

The first issue raised by GEMS' motion is the impact, if any, of this Court's prior adjudication against Dr. Uwaydah.  Under the doctrine of *res judicata*, "[a] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action."  *Apseloff v. Family Dollar Stores, Inc.*, 236 Fed. Appx. 185, 187 (6th Cir. 2007) (citations omitted).  Principles of *res judicata* apply when there is:

> (1) a prior final, valid decision on the merits by a court of competent jurisdiction; (2) a second action involving the same parties, or their privies, as the first; (3) a second action raising claims that were or could have been litigated in the first action; and (4) a second action arising out of the transaction or occurrence that was the subject matter of the previous action.

*Mitchell v. Trumbull Mem. Hosp.*, 23 Fed. Appx. 494, 495 (6th Cir. 2001) (citing *Hapgood v. City of Warren,* 127 F.3d 490, 493 (6th Cir.1997)).  GEMS asserts that, under *res judicata*, the judgment against Dr. Uwaydah compels judgment against Prometheus.

The second issue raised by GEMS' motion is the impact of Prometheus' choice not to declare

any claims against GEMS on its previously filed bankruptcy schedules. Generally, judicial estoppel prevents debtors from pursuing pre-bankruptcy claims that were not disclosed before the bankruptcy was closed. *See, e.g., Sea Trade Co., Ltd. v. FleetBoston Fin. Corp.*, No. 03-10254, 2008 U.S. Dist. LEXIS 67221, at *37 (S.D.N.Y. Sept. 4, 2008) (collecting cases). GEMS asserts that judicial estoppel, consequently, bars Prometheus' counterclaim.

## ANALYSIS

### The Applicability of Res Judicata

This Court's August 5, 2005 Judgment against Dr. Uwaydah satisfies each of the four elements necessary to allow GEMS to successfully assert *res judicata.* Consequently, GEMS is entitled to judgment as a matter of law on all claims and counterclaims.

First, it is well-established that summary judgment constitutes a final judgment on the merits for purposes of *res judicata. See, e.g., Eb-Bran Prods. v. Warner/Elektra/Atlantic Corp.*, 242 Fed. Appx. 311, 312 (6th Cir. 2007) (citing *Nathan v. Rowan*, 651 F.2d 1223, 1226 (6th Cir. 1981)); *Semsroth v. City of Wichita*, No. 06-2376, 2007 U.S. Dist. LEXIS 53212, at *24 (D. Kan. July 20, 2007) (citations omitted). Prometheus argues that, because the Court sanctioned Dr. Uwaydah after repeated discovery violations by prohibiting Dr. Uwaydah from introducing certain evidence, this Court's August 5, 2005 Order should be understood as a discovery sanction, rather than a "traditional" summary judgment Order. This is incorrect, as summary judgment was affirmed by the Sixth Circuit based on the record as it existed prior to the imposition of sanctions. *See General Electric Medical Systems Europe, Inc. v. Prometheus Health Imaging, Inc.*, 205 Fed. Appx. 418, 420 (6th Cir. 2006) ("[O]ur decision [affirming the district court] rests on the summary judgment record before the district court which was submitted prior to imposition of the sanctions, [therefore,] the sanctions question is moot.").

-4-

Even if the Court's Order were only a discovery sanction, however, the August 5, 2005 Order would still constitute a valid decision on the merits. *See Cano v. Everest Minerals Corp.*, No. 1-CA-610, 2004 U.S. Dist. LEXIS 3963, at *15 (W.D. Tex. Mar. 10, 2004) ("[A] federal court's penalty dismissal as a discovery sanction can have a *res judicata* effect on future federal court actions.") (citing *In re Reed*, 861 F.2d 1381, 1382 (5th Cir. 1988)); *Hussein v. Pierre Hotel*, 1994 U.S. Dist. LEXIS 5755 (S.D.N.Y. May 3, 1994) ("Dismissal with prejudice for failure to comply with discovery orders is a final judgment on the merits for *res judicata* purposes") (citing *In re Reed*, 861 F.2d at 1382); *see also Dillard v. Security Pacific Brokers, Inc.*, 835 F.2d 607, 608 (5th Cir. 1988) ("[A] dismissal with prejudice at any stage of a judicial proceeding ordinarily constitutes a final judgment on the merits which bars a later suit on the same cause of action."); *Jose M. Tous, Inc. v. Continental Supplies*, No. 94-1377, 1994 U.S. App. LEXIS 33667, at *9 (1st Cir. Sept. 6, 1994) ("Dismissal was for failure to comply with one of the Rules of Civil Procedure... Dismissals for violations of other rules in similar situations have been treated as being with prejudice and on the merits."). The sanctions imposed in this case were, of course, for extreme abuse of the discovery process by Dr. Uwaydah. *See General Electric Medical Systems*, 205 Fed. Appx. at 420 ("[Sanctions were granted only after] GEMS moved for sanctions for the third time – the first two having been denied by the district court – on the basis of delay caused by Uwaydah's unresponsiveness to discovery requests and orders and his intransigence with respect to scheduling a deposition."). Defendants can not now avoid the preclusive effects of *res judicata* simply because they now wish that they had pursued a different litigation strategy: *res judicata* requires a "full and fair <u>opportunity</u>" to litigate one's claims; it does not require that a party used that opportunity in the

-5-

wisest possible manner.[3]

Second, the August 5, 2005 Judgment established that Dr. Uwaydah was the alter ego of Prometheus.  (Doc. 90 at 8 ("Based on the Court's factual findings relative to Prometheus's corporate form deficiencies, the degree of control Dr. Uwaydah exercised over Prometheus and Dr. Uwaydah's use of Prometheus to engage in tortious conduct *vis-a-vis* GEMS, the Court finds that Prometheus is Dr. Uwaydah's *alter ego*.").)  Accordingly, there is mutuality of interest between Prometheus and Dr. Uwaydah in this action.  *See McConnell v. Applied Performance Technologies, Inc.*, 2002 U.S. Dist. LEXIS 27599, *32 (S.D. Ohio 2002).  Therefore, as a matter of law, privity exists between Prometheus and Dr. Uwaydah.  *Id*. ("Privity exists when the relationship between the two parties is such that they have a mutuality of interest and desire the same outcome.") (citations omitted).  Prometheus does not contest this conclusion in its briefing.

Third and fourth, the "first" and "second" action are the same action.  The claims decided in the Court's August 5, 2005 Judgment are the same claims raised by GEMS against Prometheus – that Prometheus and its alter ego breached the parties' contract and defrauded GEMS.  Similarly, Prometheus' counterclaim alleges that GEMS, not Prometheus, breached the very same contract that this court already determined was breached by Prometheus, not GEMS.  Prometheus, indeed, does not contest the third or fourth elements of *res judicata*.

GEMS is, accordingly, entitled to judgment as a matter of law on its claims against

---

[3] Prometheus' citation on this point is misplaced.  *See Gargallo v. Merrill Lynch, Pierce, Fenner &Smith, Inc.*, 918 F.2d 658, 663 (6th Cir. 1990).  Although Prometheus claims that *Gargallo* holds that discovery sanctions have no impact under principles of *res judicata*, Prometheus is incorrect.  Rather, *Gargallo* notes that discovery sanctions can not be used as a basis to apply the doctrine of *collateral estoppel*, which can only be applied to issues that were fully litigated.  *See id*.  *Res judicata*, conversely, applies both to claims that were litigated and to those claims that a party had the opportunity to litigate.

-6-

Prometheus and on any counterclaims that were or could have been filed by Prometheus under the preclusive effect of this Court's August 5, 2005 Judgment.[4]

### *The Impact of Judicial Estoppel*

Even absent the effect of *res judicata*, GEMS would still be entitled to dismissal of all of Prometheus' counterclaims. It is undisputed that Prometheus did not declare that it had any claim against GEMS on its bankruptcy schedules, did not disclose any putative counterclaim it had against GEMS in its asset schedules as part of its 2004 bankruptcy petition, and did not file a counterclaim against GEMS in response to GEMS' adversary action, which was identical to GEMS' claims here. Prometheus does not challenge that the above operates to estop Prometheus from pursuing its counterclaim in the instant action. *See also Sea Trade*, 2008 U.S. Dist. LEXIS 67221, at *37 (noting that a debtor may not pursue pre-bankruptcy claims that were not disclosed before that bankruptcy was closed).

## CONCLUSION

Accordingly, for the aforementioned reasons, Plaintiff's Motion for Summary Judgment (Doc. 104) is **GRANTED**. This case is dismissed.

---

[4] The sole additional argument raised by Prometheus on this point is that the filing of an affidavit in France, containing statements contrary to this Court's August 5, 2005 findings against Dr. Uwaydah, creates a genuine issue of material fact. Prometheus is mistaken – the filing of an affidavit in another jurisdiction cannot lessen the impact of a judgment that this Court has already rendered.

**IT IS SO ORDERED.**

s/Kathleen M. O'Malley
**KATHLEEN McDONALD O'MALLEY**
**UNITED STATES DISTRICT JUDGE**

**Dated: March 26, 2009**